LONG, Judge
(concurring specially).
I concur in the majority’s holding that because the claims raised in Chandler’s petition were cognizable under Rule 32, Ala. R.Crim.P., the proper venue in which to file the petition was the court of original conviction, which in this case is the Circuit Court of Madison County. I further agree that Chandler’s petition was due to be returned to him. However, I do not think that this court should in any way encourage Chandler to file a Rule 32 petition in the Madison County Circuit Court, because he has already filed two Rule 32 petitions in that court challenging the same conviction, the most recent on April 27,1995.
Chandler’s first Rule 32 petition was heard by the Madison County Circuit Court in June 1994 and was decided adversely to him on its merits. His second Rule 32 petition was summarily dismissed by the Madison County Circuit Court as successive in April 1995, and we have recently affirmed the judgment in that case by unpublished memorandum. Chandler v. State, 669 So.2d 222 (Ala.Cr.App.1995) (table).
While there is certainly nothing to stop Chandler from filing yet another Rule 32 petition in the Madison County Circuit Court, and while Chandler may conceivably be able to show good cause why any new allegations raised in such a petition were not raised in his previous two Rule 32 petitions, I do not think that it is advisable to actually encourage Chandler to file a third Rule 32 petition, which, in view of the unexceptional nature of his latest petition, will almost surely be dismissed as successive. It appears to me that Chandler filed his “petition for writ of habeas corpus” in the Jefferson County Circuit Court solely to avoid the successive petition strictures of Rule 32, Ala.R.Crim.P. He has been raising claims collaterally attacking his conviction in a piecemeal fashion. If he refiles a proper Rule 32 petition in the court of original conviction presenting the same claims presented in his “habeas” petition without showing good cause why the claims were not raised in his prior Rule 32 petitions, he will be wasting his and the court’s time.